NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JABAR TAYLOR,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PETER FOY, et al.,<br><br>　　　Defendants. | No. 23cv17754 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Jabar Taylor, a pre-trial detainee in Hudson County Jail ("HCJ"), New Jersey, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against Defendants Passaic County Assistant Prosecutor Peter Foy ("Assistant Prosecutor Foy"), Detective Jose Castillo ("Detective Castillo"), Sergeant Mcoy, and Detective Schell. D.E. 1 ("Compl." or "Complaint"). He also seeks the appointment of *pro bono* counsel. D.E. 8. Because Plaintiff was granted *in forma pauperis* ("IFP") status, D.E. 7, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will **DISMISS** all claims contained in the Complaint for failure to state a claim. The Court will not exercise supplemental jurisdiction over the state tort claim. Plaintiff's motion seeking the appointment of *pro bono* counsel will be **DENIED**.

**I.　　BACKGROUND**

Plaintiff states Detective Castillo stopped him in East Orange, New Jersey, on September 8, 2021. Compl. at 5. Plaintiff also witnessed plain clothes police officers searching his vehicle.

*Id.* Detective Castillo asked Plaintiff to go to the Passaic County Prosecutor's Office ("PCPO") with him, Sergeant Mcoy, Detective Schell, and a few other officers. *Id.* Plaintiff asked if he was under arrest; Detective Castillo replied that he was not. *Id.* at 5-6. Sergeant Mcoy told Plaintiff it would be a quick visit and that Plaintiff was "not the target or subject of an investigation." *Id.* at 6. Plaintiff got into the officers' vehicle, at which point his cell phone was taken. *Id.*

Plaintiff was taken to a PCPO interview room and read his *Miranda* rights. *Id.* He asked for an attorney, and "[t]he tenor of [Detective] Castillo and [the other] officers took a 180 and they became visibly annoyed and hostile." *Id.* The officers left the interview room. *Id.* Plaintiff alleges he was kept in the room for eight hours and was unable to leave or communicate with anyone. *Id.* Plaintiff asked to be let out, but the officers responded that he had to wait for an attorney to arrive since he requested one. *Id.*

Plaintiff seeks relief for perjury, conspiracy, false imprisonment, and malicious prosecution. *Id.* at 6-7. And he requests compensation for emotional distress and post-traumatic stress disorder. *Id.* at 7. Additionally, Plaintiff seeks the appointment of *pro bono* counsel. D.E. 8.

## II.   LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III.   ANALYSIS

#### A.   Plaintiff Has Not Stated a Malicious Prosecution Claim

Plaintiff alleges Detective Castillo, Sergeant Mcoy, and Detective Schell maliciously prosecuted him by "tricking" him into accompanying them to the PCPO and leaving him in an interview room for eight hours. Compl. at 6.

A malicious prosecution claim requires that Plaintiff plead facts indicating that (1) Defendants initiated a criminal proceeding; (2) the criminal proceeding ended in Plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice; and (5) Plaintiff suffered from a "deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Allen v. N.J. State Police*, 974 F.3d 497, 502 (3d Cir. 2020). Presuming for screening purposes only that Detective Castillo, Sergeant Mcoy, and Detective Schell initiated a criminal proceeding against

Plaintiff, Plaintiff has not pled facts indicating that a criminal proceeding has ended in his favor. Therefore, he has not stated a malicious prosecution claim. The Court will dismiss this claim without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Plaintiff Has Not Stated a Perjury Claim**

Plaintiff asserts Detective Castillo, Sergeant Mcoy, and Detective Schell committed perjury when they "tricked" him into accompanying them to the PCPO. Compl. at 6. However, "there is no standalone § 1983 claim for perjury." *Harold v. Bagley*, 2022 WL 1094047, at *3 (D.N.J. Apr. 12, 2022) (first citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1467 n.16 (3d Cir. 1992); and then citing *Rosado v. Dugan*, 2022 WL 103192, at *3 (E.D. Pa. Jan. 11, 2022)). The Court will dismiss this claim with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Plaintiff Has Not Stated Any Claim Against Assistant Prosecutor Foy**

Plaintiff does not make any factual allegations against Assistant Prosecutor Foy in connection with the events of September 8, 2021. His only statement concerning Assistant Prosecutor Foy is that he asked a New Jersey Superior Court judge to dismiss Plaintiff's prior complaint against Detective Castillo. Compl. at 5. But this provides no basis for a claim pursuant to Section 1983. Therefore, the Court will dismiss this claim without prejudice.

**D.     Plaintiff Has Not Stated a Conspiracy Claim**

Plaintiff alleges Detective Castillo, Sergeant Mcoy, and Detective Schell conspired with each other to lure him to the PCPO by claiming he was not the target or subject of an investigation. Compl. at 6.

To state a conspiracy claim pursuant to Section 1983, a plaintiff must allege facts that indicate:

> (1) two or more persons conspire[d] to deprive any person of the equal protection of the law; (2) one or more of the conspirators

> perform[ed] or cause[d] to be performed any overt act in furtherance of the conspiracy; and (3) that overt act injure[d] the plaintiff in his person or property or deprive[d] the plaintiff of any right or privilege of a citizen of the United States.

*Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018). Here, because the Court concludes that Plaintiff has not sufficiently pled a deprivation of a constitutional right, the Court also concludes that Plaintiff has not sufficiently pled a civil rights conspiracy claim. *See Gimenez v. Borough of Elmwood Park*, 2022 WL 1486194, at *11 (D.N.J. May 10, 2022). Therefore, the Court will dismiss this claim without prejudice.

E.   **The Court Will Decline to Exercise Supplemental Jurisdiction**

Plaintiff also includes a false imprisonment claim under state law in the Complaint. Compl. at 6. The Court will decline to exercise supplemental jurisdiction over this claim as all the federal claims in the Complaint will be dismissed. 28 U.S.C. § 1367(c)(3).

F.   **The Court Will Grant Plaintiff Leave to Amend**

Generally, "[a] plaintiff[] who file[s a] complaint[] subject to dismissal under [Section 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff may be able to allege facts that would cure the deficiencies identified above, the Court will grant Plaintiff 45 days to submit a proposed Amended Complaint. The proposed Amended Complaint will be subject to this Court's Section 1915 review prior to service. Failure to submit a proposed Amended Complaint within 45 days of the accompanying Order will result in dismissal of all claims with prejudice.

Plaintiff should note that the Amended Complaint will supersede the Complaint. When the Amended Complaint is filed, the Complaint becomes inoperative and cannot be utilized to cure the Amended Complaint's defects unless the relevant portion is specifically incorporated. 6

5

Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The Amended Complaint may adopt some or all the allegations, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an Amended Complaint that is complete in and of itself. *Id.*

**G.    The Court Will Deny the Motion for Appointment of *Pro Bono* Counsel**

Plaintiff also moves for the appointment of *pro bono* counsel. D.E. 8. Appointment of counsel is a privilege, not a statutory or constitutional right, *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). In determining whether to appoint counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155.

Plaintiff fails to meet this threshold inquiry because he has failed to state a claim for relief pursuant to Section 1983. The Court will deny the motion without prejudice, and Plaintiff may, again, move for the appointment of counsel if he elects to file an Amended Complaint.

**IV.    CONCLUSION**

For the reasons stated above, the Court will **DISMISS** the Complaint *without prejudice* for failure to state a claim, except for the perjury claim, which will be **DISMISSED** *with prejudice*. The Court will decline to exercise supplemental jurisdiction over the state tort claim. The motion for counsel will be **DENIED** *without prejudice*. Plaintiff may submit a proposed Amended Complaint within 45 days.

An appropriate Order accompanies this Opinion.

2/7/2024                                                                                            *Evelyn Padin*
Date                                                                                                       Evelyn Padin, U.S.D.J.